PER CURIAM.
 

 Joseph DeLucca appeals the trial court’s summary denial of his timely Florida Rule of Criminal Procedure 3.850 motion for postconviction relief. Appellant seeks to withdraw his November 10, 2008 plea to child neglect in this ease and his August 12, 2009 admission to violating probation for this charge.
 
 [1]
 
 Through the course of the motion, appellant catalogues a host of matters and implies a variety of claims, such as, that he received ineffective assistance of counsel and that his pleas were involuntary.
 
 [2]
 
 The motion fails to clearly identify specific grounds for relief.
 

 Without ordering a state’s response to the motion, and without attaching any records, the trial court denied the motion explaining simply that “The Defendant entered into a negotiated plea.”
 

 We conclude that the generalized allegations of ineffective assistance of counsel and/or that a plea was involuntary are insufficient. A motion for postconviction relief must clearly specify the grounds upon which relief is sought.
 
 See
 
 Fla. R.Crim. P. 3.850(a) (setting out the grounds that may be claims for relief in a postconviction motion). Specifying each ground for relief allows the state to respond meaningfully to each of the claims and permits the court to rule on the claims in an orderly manner.
 

 The motion also fails to contain required information and allegations and was legally
 
 *166
 
 insufficient on this basis as well. The motion does not contain the information required by Florida Rule of Criminal Procedure 3.850(c). As to the suggestions of ineffective assistance of counsel, the motion does not allege that, but for the deficiency of counsel (which is not clearly specified in this motion), appellant would not have pleaded and would have proceeded to trial.
 
 Poisal v. State,
 
 876 So.2d 1262 (Fla. 4th DCA 2004).
 
 See Hill v. Lockhart,
 
 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
 

 Because the Rule 3.850(b) time limit has now run as to the November 2008 plea, we affirm without prejudice for appellant to file a sufficient motion within sixty days of the mandate issued for this opinion.
 

 WARNER, POLEN and CONNER, JJ., concur.
 

 [1]
 

 . Appellant entered a negotiated plea to the child neglect charge and was placed on probation. Later, he admitted violating his probation based on an arrest for domestic violence and was sentenced to fifteen days credited as time served.
 

 [2]
 

 . The motion explains that due to auto accidents appellant suffered severe injuries that required numerous surgeries. The motion implies that appellant had a valid involuntary intoxication defense to the child neglect charge. See § 775.051, Fla. Stat. (2007). The basis for that charge was his operation of a motor vehicle in an impaired state while transporting his child. Appellant alleges that he became unexpectedly dizzy as a result of taking pain medication pursuant to a prescription. The motion alleges that the domestic violence charges, upon which the violation of probation was predicated, were false and that he had a defense to the violation of probation charge. The rambling motion suggests that counsel misled him as to the availability of defenses and other matters, that counsel failed to research and inform the court of his medical history and other matters, and that his medical condition and the medications he was taking rendered his plea involuntary.